UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 13-CV-1158 (JFB)
———————————

PARMJIT SINGH,

Petitioner,

VERSUS

DEPARTMENT OF CORRECTIONAL SERVICES,

Respondent.

———————————

**MEMORANDUM AND ORDER**
January 7, 2014
———————————

Joseph F. Bianco, District Judge:

Parmjit Singh ("petitioner") petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his conviction for manslaughter in the second degree and hindering prosecution in the first degree. Petitioner challenges his conviction on the following grounds: (1) that the statute of limitations had run on his manslaughter charge; (2) that he received ineffective assistance of counsel; (3) that his due process rights were violated when his attorney and the court did not provide an interpreter; (4) that Suffolk County was an improper venue; and (5) that petitioner's plea was the product of coercion. Respondent Department of Correctional Services ("respondent" or "DOCS") moves to dismiss the petition as untimely.

For the reasons set forth below, respondent's motion to dismiss is granted and the petition is dismissed. In short, the conviction under attack became final on July 21, 2010. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition must be filed no later than one year following the date a conviction becomes final. However, under AEDPA, this limitations period is tolled during the pendency of a properly filed application in state court for post-conviction relief. Here, the application for post-conviction relief occurred before the conviction was final but remained pending afterward. Exercising an abundance of caution and considering the limitations period tolled until March 28, 2011, the latest possible date that the denial of his application for post-conviction relief was final, this petition is untimely because it was not filed within one year of that date.

Moreover, there is no basis for equitable tolling, and no basis for an actual innocence claim. Accordingly, the petition is dismissed as time-barred.

## I. BACKGROUND

On January 15, 2008, petitioner pled guilty to manslaughter in the second degree and hindering prosecution in the first degree in the County Court, Suffolk County. He was sentenced on February 13, 2008, to two concurrent terms of two and one-third to seven years of incarceration.[1]

Petitioner's attorney filed a brief with the Appellate Division, Second Department, pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no non-frivolous issues that could be raised on petitioner's behalf. The Appellate Division agreed with petitioner's counsel and affirmed the conviction on June 15, 2010. *See People v. Singh*, 902 N.Y.S.2d 393 (N.Y. App. Div. 2010). Petitioner was granted permission to file a *pro se* brief, but he never filed one, and he did not seek leave to appeal to the Court of Appeals. Petitioner was served with a copy of the Appellate Division's order and a Notice of Entry on June 21, 2010.

On February 17, 2010, prior to the affirmance of his conviction, petitioner filed a motion to vacate his judgment of conviction in the Suffolk County Supreme Court. That motion raised three of the same arguments as the current petition: that the charges against him had been barred by the statute of limitations, that Suffolk County was an improper venue, and that his counsel was ineffective for failing to ensure the presence of an interpreter in court. The motion was denied on April 28, 2010, and on November 17, 2010, the Appellate Division denied petitioner leave to appeal the decision of the Supreme Court. Petitioner's subsequent application for leave to appeal the Appellate Division's denial was denied on March 28, 2011.

More than one year later, petitioner filed a second motion to vacate his judgment of conviction. That motion, dated July 11, 2012, presented three different arguments: that his attorney coerced him into pleading guilty, that his counsel was ineffective for failing to advise him of the immigration consequences of his plea, and that he was improperly convicted of hindering prosecution. The Supreme Court denied that motion on December 10, 2012, and the Appellate Division denied leave to appeal on February 5, 2013.

Petitioner filed the present petition on February 19, 2013. On March 11, 2013, the Court ordered respondent to file a limited answer within thirty days addressing whether the petition was timely. On April 10, 2013, respondent filed the present motion to dismiss. Petitioner requested two extensions of time to file a brief in opposition, on May 15 and June 10, 2013, and the Court granted both requests. On July 3, 2013, the Court ordered petitioner to respond to the motion by August 1, 2013, but petitioner has never responded.

## II. DISCUSSION

Respondent seeks to dismiss the instant habeas corpus petition because petitioner failed to file his petition within the applicable

---

[1] For the dates and events described in this section of the Memorandum and Order, the Court relies on the Affirmation submitted by counsel for respondent, in compliance with the Court's order dated March 11, 2013. Petitioner has not filed any responsive pleading nor presented any reason for the Court to question the accuracy of counsel for respondent's Affirmation.

2

statute of limitations provided by 28 U.S.C. §2244(d)(1). For the reasons set forth below, this Court concludes that the petition is untimely under Section 2244(d), and that there is no basis for equitable tolling of the statute of limitations.

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on state prisoners seeking habeas corpus review in federal court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of:

> (A) the date on which the [petitioner's] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). Pursuant to AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). The Second Circuit has held that "[a] state-court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Gant v. Goord*, 430 F. Supp. 2d 135, 138 (W.D.N.Y. 2006).

In the instant case, only subsection (A) could be applicable to this habeas petition. As set forth below, the petition is untimely under Section 2244(d)(1)(A).

Pursuant to Section 2244(d)(1)(A), the statute of limitations began to run on the date petitioner's conviction became final. Petitioner was convicted on January 15, 2008, and sentenced on February 13, 2008. More than two years later, petitioner was served with a Notice of Entry informing him that his conviction had been affirmed by the Appellate Division. The date of service of the Notice of Entry was June 21, 2010. Petitioner's time to appeal expired thirty days later, on July 21, 2010, and on that date his conviction became final. *See Vasquez v. Martuscello*, No. 11-CV-2263 (JFB), 2011 WL 6740556, at *3 (E.D.N.Y. Dec. 22, 2011) (citing N.Y.C.P.L. § 460.10(5) and noting that "the conviction becomes final thirty days after the service of Notice of Entry.").

The statute of limitations would thus begin to run July 21, 2010, unless it was tolled by either of petitioner's two post-conviction motions. Under AEDPA, the "time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

Respondent concedes that petitioner's first motion to vacate tolls the statute of limitations from the date that petitioner's conviction became final (July 21, 2010) until the Appellate Division denied him leave to appeal the Supreme Court's denial of his motion to vacate (November 17, 2010). Therefore, the statute of limitations began to run on November 17, 2010, and petitioner would have had to file the instant petition within one year of that date.

Petitioner did make one additional appeal with respect to his motion to vacate, and it was not denied until March 28, 2011. Respondent argues that this final appeal did not toll the statute of limitations because it sought leave to appeal a non-appealable order: namely, the Appellate Division's denial of leave to appeal the decision of the Supreme Court. There is support for respondent's view, *see People v. Williams*, 342 N.Y.S.2d 75 (N.Y. App. Div. 1973), but out of an abundance of caution, this Court will assume that the statute of limitations period was tolled until March 28, 2011. Even granting that assumption to petitioner, the instant petition is untimely because it was not filed by March 28, 2012. Instead, it was filed nearly one year later, on February 19, 2013.

The Court's conclusion that this petition is time-barred is in no way affected by petitioner's second motion to vacate, which petitioner did not file until July 11, 2012. A state collateral proceeding commenced after the one-year limitations period has already expired does not reset the start of the limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 16–17 & n. 2 (2d Cir. 2000).

Again, granting petitioner the latest possible limitations date of March 28, 2012, the second motion to vacate occurred outside of the one-year limitations period and cannot reset it. *See Smith,* 208 F.3d at 16–17 & n. 2; *see also Bell v. Herbert*, 476 F. Supp. 2d 235, 244 (W.D.N.Y. 2007) ("A state-court collateral attack on a conviction cannot toll an already expired limitations period; nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew.").

At the very latest, Singh had to file his petition by March 28, 2012 for it to have been timely. Accordingly, because he filed on February 19, 2013, the Court concludes that the petition is untimely.

### B. Equitable Tolling of the Statute of Limitations

Although the instant petition is untimely, in "rare and exceptional" circumstances, the one-year statute of limitations is subject to equitable tolling. *See Smith*, 208 F.3d at 17 (citation and internal quotation marks omitted); *see also Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). In order to obtain the benefit of equitable tolling, a petitioner must show: (1) that "extraordinary circumstances prevented him from filing his petition on time"; and (2) that he "acted with reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citation omitted). The petitioner bears the burden to affirmatively show that he is entitled to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005).

In the instant case, petitioner has failed to demonstrate any extraordinary circumstances that prevented him from properly filing his habeas corpus petition in a timely fashion. No such circumstances are described in his

4

petition, and petitioner has failed to raise any. He has not submitted a brief in opposition to the present motion to dismiss, even after the Court granted him two extensions to do so.[2] For the same reason, there is no evidence that petitioner acted with reasonable diligence during the period he seeks to toll, which this Court assumes is the period after March 28, 2011. It was more than one year later, in July of 2012, when petitioner filed his ill-fated second motion to vacate, and there has been no showing that petitioner acted diligently with respect to this petition during that time period. Thus, petitioner has not made either showing required to justify equitable tolling, and no aspect of his petition suggests that equitable tolling is appropriate in this case.

Petitioner has also not made a claim of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (holding that it was in error to dismiss a petition claiming actual innocence, on statute of limitations grounds, without further analysis). Even if he had made a claim of actual innocence, nothing in the petition suggests that an innocence claim would have any merit. Accordingly, the petition is dismissed as time-barred.

III. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed as time-barred. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 7, 2014
Central Islip, NY

\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented by Thomas C. Costello, Suffolk County District Attorney's Office, 200 Center Drive, Riverhead, NY 11901.

---

[2] Assuming *arguendo* that petitioner argued that he did not speak English (based on a similar claim in his petition), his difficulty with English was not an "extraordinary circumstance" that warrants equitable tolling. *See Vasquez*, 2011 WL 6740556, at \*4 (collecting cases).

5